UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| | § | Case No. 24-10277-smr |
| WAYNE ANTHONY ESTES | § | |
| Debtor. | § § | Chapter 11 |
| | § | Subchapter V |
| | § | |

**EXPEDITED APPLICATION OF SUBCHAPTER V TRUSTEE
FOR POST-PETITION SECURITY DEPOSIT**

**TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:**

Eric B. Terry, Subchapter V Trustee files this his *Expedited Application for Post-Petition Security Deposit* ("**Application**"), and in support would show the Court the following:

**JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and the general "catch-all" language of 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief requested herein are §§ 105(a), 330(a), and 503 of title 11 of the United States Code.[1]

3. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This Court has constitutional authority to enter a final order regarding the Objection. Court approval of fees and expenses of estate professionals has no equivalent in state

---

[1] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.

law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[2] In the alternative, allowance and payment of professional fees is an essential bankruptcy matter which triggers the "public rights" exception.[3]

## BACKGROUND

5. On March 14, 2024, Wayne Anthony Estes ("**Debtor**") filed a voluntary petition under Subchapter V of Chapter 11 ("**Petition**").[4]

6. On March 19, 2024, Eric B. Terry was appointed as the Subchapter V Trustee ("**Trustee**").[5]

7. The Debtor's Plan of Reorganization is scheduled to be filed no later than June 12, 2024.

## TRUSTEE APPOINTMENT AND DUTIES

8. Subchapter V cases require the appointment of a Trustee in every case.[6]

9. The Trustee is not a standing trustee and thus was not appointed pursuant to 28 U.S.C. § 586(b). Rather, the Trustee was appointed as a disinterested person to serve as trustee in this case by the United States Trustee under § 1183(a).

10. The UST appointed Mr. Terry as the Trustee for this case.[7]

11. The Trustee is compensated on an hourly basis, and all payments made to the Trustee are to be from funds held by the Debtor.

12. The Trustee is subject to the statutory duties set forth in § 1183, which incorporates by reference certain chapter 7 trustee duties as specified in § 704(a), and certain chapter 11 trustee

---

[2] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).
[3] *See id.*
[4] ECF No. 1.
[5] ECF No. 5.
[6] 11 U.S.C. § 1183 (2019).
[7] ECF No. 13.

duties as specified in § 1106(a). The trustee has a fiduciary responsibility to the bankruptcy estate, and has an obligation to monitor the case, assess the financial viability of the Debtor, communicate with creditors, and facilitate the development of a consensual plan of reorganization. Because a debtor-in-possession can be removed pursuant to § 1185, the Trustee must be diligent in his duties.

13. Pursuant to the Handbook for Small Business Chapter 11 Subchapter V Trustees, the Trustee may seek compensation for his work in the case prior to the conversion or dismissal.

## **RELIEF REQUESTED**

14. Pursuant to this Application, the Trustee requests a post-petition security deposit in the amount of $2,000.00 per month from the Petition Date ("Security Deposits") be paid to the Trustee.

15. The Trustee requests the Security Deposit be paid from the funds on deposit in the Debtor-in-Possession's checking account in the amount of $2,000 per month during this case and paid to the Trustee by ACH or by check, with the first month's $2,000 to be paid to the Trustee within seven (7) days following Court approval and subsequently within seven (7) days following the first of each subsequent month.

16. The Trustee shall deposit the Security Deposits into the Subchapter V Trustee's IOLTA account, and the funds shall remain in the account until such time as the Court awards compensation of fees and reimbursable costs to the Trustee with any excess funds from the Security Deposits returned to the Debtor.

17. On March 19, 2024, The Trustee attempted to consult with Mr. Stephen W. Sather, counsel for the Debtor, via email regarding the relief requested herein. As of the time of preparation of this Application Mr. Sather has not responded.

18. **WHEREFORE, PREMISES CONSIDERED**, the Trustee prays that this Application be approved by this Court under the terms specified above; and for such other and further relief to which he may show himself to be justly entitled.

Dated: March 20, 2024

        Respectfully submitted,

**ERIC TERRY LAW, PLLC**
3511 Broadway
San Antonio, Texas 78209
Telephone: (210) 468-8274
Facsimile: (210) 319-5447
eric@ericterrylaw.com

/s/ Eric B. Terry
Eric B. Terry, State Bar No. 00794729
***Subchapter V Trustee***

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 20, 2024, a copy of the foregoing Application was filed electronically. Notice of this filing will be sent to all persons registered to receive documents through the Court's Electronic Case Filing System. The undersigned further certifies that on March 20, 2024, or no later than the following business day, a copy of the foregoing Application was mailed, postage pre-paid, first-class United States mail to all parties on the attached creditor matrix.

/s/ Eric B. Terry
Eric B. Terry